UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-CV-226-FDW

| | |
|---|---|
| RICHARD L. BURNHAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> ACTING COMMISIONER OF SOCIAL ) <br> SECURITY, ) <br> ) <br> Defendant. ) <br> ) | ORDER |

**THIS MATTER** is before the Court on the parties' cross motions for summary judgment. (Doc. Nos. 9, 11). On October 6, 2015, Plaintiff Richard L. Burnham filed his complaint against the Defendant Commissioner seeking judicial review of Defendant's denial of his application for a Social Security period of disability and disability insurance benefits. (Doc. No. 1). Plaintiff then filed her Motion for Summary Judgment on March 3, 2016 (Doc. No. 9). On May 2, 2016, Defendant also moved for Summary Judgment. (Doc. No. 11). As explained below, Plaintiff's Motion is **GRANTED** in part and Defendant's Motion is **DENIED**.

I.     BACKGROUND

On October 9, 2013, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. (Doc. No. 6-4, p. 86). Plaintiff alleges a period of disability beginning on January 1, 2000. (Doc. No. 6-6, p. 131). Plaintiff alleges that he was disabled by his "back/mental health/neck." (Doc. No. 6-7, 149). More specifically, Plaintiff claims he is disabled by "pain and difficulty concentrating due to muscle contraction headaches and depressive

1

disorder." (Doc. No. 10, p 1). Plaintiff's application was initially denied on January 6, 2014, and also denied on June 13, 2014 on reconsideration. (Doc. No. 6-4, pp. 84-85, 93-94).

Plaintiff timely filed a request for hearing on July 21, 2014. (Doc. No. 6-5, p. 107). On October 29, 2014, Administrative Law Judge ("ALJ") Thaddeus J. Hess conducted a hearing from Greenville, North Carolina. (Doc. No. 6-3, p. 46). The ALJ denied Plaintiff's claim in a written decision dated February 24, 2015, in which he concluded that, pursuant to the sequential evaluation process, Plaintiff was not disabled within meaning of the Social Security Act. (Doc. No. 6-3, pp. 16-39). Plaintiff requested a review of the hearing on April 27, 2015. (Doc. No. 6-3, p.12). His request was denied by the Appeals Council on August 14, 2015. (Doc. No. 6-3, pp. 1-6).

Plaintiff filed the present action on October 6, 2015, (Doc. No. 1, pp. 1-2), and the parties' Motions for Summary Judgment are now ripe for review pursuant to 42 U.S.C. § 405 (g).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of the Commissioner's final decision to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). This Court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Rather, this Court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal citations omitted).

The Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit defined "substantial evidence" as "'more than a scintilla and [it] must do more

2

than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that a reviewing court does not reweigh the evidence, nor substitute its judgment for that of the Commissioner, so long as the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the Commissioner's final decision, the decision should be affirmed. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. ANALYSIS

Plaintiff's first assignment of error argues that the Fourth Circuit's decision in Mascio v. Colvin[1] requires remand, in part, because "the ALJ did not account for [Plaintiff's] admitted limitations in concentration, persistence and pace by restricting him to [simple, repetitive and routine type tasks] . . . ." (Doc. No. 10, p. 5.) Mascio held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d 632, 638 (4th Cir. 2015). The court distinguished the "ability to perform simple tasks from the ability to stay on task," and explained that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. The Fourth Circuit remanded the case because it found that moderate

---

[1] 780 F.3d 632 (4th Cir. 2015).

limitations in concentration, persistence, and pace are not adequately accounted for in the RFC by only limiting the claimant to "simple, routine tasks or unskilled work." Id.

Applying these legal principals to the record now before the Court, the undersigned concludes that this matter should be remanded. The Court first notes that Mascio was decided some three weeks *after* the ALJ signed his decision and four months after the ALJ conducted the hearing, and, thus, the ALJ acted without the benefit of Mascio's guidance when calculating Plaintiff's Residual Functional Capacity ("RFC") and documenting his analysis. Despite this, when conducting his "RFC" analysis, the ALJ limited Plaintiff not only to "simple, repetitive, and routine tasks (unskilled work)," but also limited Plaintiff's "concentrated exposure to workplace hazards (such as unprotected heights and moving machinery)." (Doc. No. 6-3, p. 21-22). Thus, the Court further notes that this may have been intended to account for Plaintiff's moderate difficulties in concentration, persistence or pace. Last, the Court notes that it has affirmed, post-Mascio, the decisions of ALJs that limited the plaintiff to simple, routine, repetitive tasks at a "nonproduction pace" when conducting the RFC assessment of claimants with moderate difficulties in concentration, persistence or pace. See Linares v. Colvin, 2015 WL 4389533, at *4.

However, the ALJ here neglected to include any reference to "nonproduction pace" in his formulation of Plaintiff's RFC. Nor did the RFC analysis make any other specific reference to Plaintiff's moderate difficulties in concentration, persistence or pace. It is, at best, unclear whether the nonexertional limitations[2] propounded by the ALJ are sufficient, in whole or in part, to account for a limitation in concentration, persistence or pace. If they are not, then the only RFC restriction flowing from Plaintiff's mental limitations is the restriction to simple, routine, repetitive tasks.

---

[2] Specifically, work which avoids concentrated exposure to workplace hazards (such as unprotected heights and moving machinery).

(Document No. 6-3, p. 21-22). Even if supported by substantial evidence, this restriction, standing alone, does not account for a limitation in concentration, persistence or pace. See Mascio, 780 F.3d, at 638.

On remand, the ALJ can clarify how the limitations employed in the RFC assessment satisfy Mascio's requirements, or, as in Mascio, "can explain why [Plaintiff's] moderate limitation in concentration, persistence or pace . . . does not translate into a limitation in [her] residual functional capacity." 780 F.3d, at 638. Either way, the Court finds remand on this issue appropriate. The Court declines to address Plaintiff's other assignments of error at this time.

### IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that, pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing Defendant's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), the Court hereby remands this case to Defendant, for further administrative proceedings and development. See Melkonyan v. Sullivan, 501 U.S. 89 (1991); Shalala v. Schaefer, 509 U.S. 292 (1993).

**IT IS SO ORDERED.**

Signed: June 21, 2016

Frank D. Whitney
Chief United States District Judge